Víctor Figueroa et al., Petitioners, *v.* Superior Court of Puerto Rico, Bayamón Part, Augusto Palmer, Judge, Respondent; Santa Rosa Development Corporation et al., Interveners.

No. C-63-14.        Decided April 19, 1963.

*Juan Enrique Colón* for petitioners. *Fiddler, González & Rodríguez,* and *Federico Tilén* for interveners.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: The petitioners filed a complaint in the Superior Court, Bayamón Part, and alleged being the owners of the dwelling houses which they acquired from the defendants-appellees; that the defendants built said houses after having signed with the petitioners contracts of option of purchase; that after having obtained ownership of their respective houses, the floors thereof and the ceiling of one of them cracked to a considerable extent due to construction defects; that said defects have not been repaired, but on the contrary the deficiencies have become worse. Petitioners request that defendants be ordered to pay damages as a result of their fault and negligence committed by them by reason of the facts previously stated.

The defendants filed a motion to dismiss on the ground that the complaint did not state a valid claim which warranted the granting of a remedy against them. This motion having been heard on January 24, 1963, the trial court rendered the following judgment:

"The defendant has filed a motion to dismiss the complaint dated December 18, 1962, on the ground that the plaintiff does not state a cause of action justifying the award of a relief against the defendant.

"After hearing the parties and examining the corresponding record of the case, the court concludes that the complaint does not state sufficient minimum elements to create a cause of action under any of the sections of the existing Civil Code or of any special statute.

"The motion to dismiss filed by the defendant is granted and the complaint is dismissed.

"Let it be registered and notified."

The petitioners have appealed to us and filed a petition for "Review" within the statutory term of thirty days. The defendants-appellees requested the dismissal on the

ground that they were not notified of the petition until February 27, that is, one day after the statutory term. We denied the dismissal because we considered the petition as one for certiorari. We considered it thus for although the trial court rendered judgment, at that stage of the proceedings said judgment did not lie at law. The court should have confined itself to granting the motion to dismiss if in its opinion it believed that the complaint did not state a cause of action and permit the petitioners to amend it. We therefore considered the appeal as a petition for certiorari and granted the appellees a term of 30 days to show cause why the writ of certiorari should not be issued and the judgment set aside. The appellees have appeared opposing said petition.

■ A complaint should be dismissed definitively for lack of cause of action only when the ground for request does not lie under any conceivable premise of law, and therefore, the complaint is not susceptible to amendment.

Since the error is clear, the writ of certiorari is issued, the judgment rendered by the Bayamón Part of the Superior Court on January 24, 1963 dismissing the complaint is set aside, and it is hereby ordered that the proceedings be continued before said court in a manner not incompatible with the provisions stated herein.